# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 21, 2010

## BEN W. WATKINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Blount County**
**No. C-17438     David R. Duggan, Judge**

**No. E2010-01140-CCA-R3-HC - Filed May 4, 2011**

The petitioner, Ben W. Watkins, appeals from the Blount County Circuit Court's denial of his petition for writ of habeas corpus. Because the trial court correctly found that the petitioner failed to present a cognizable habeas corpus claim, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Ben W. Watkins.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Andrew Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that the Blount County grand jury charged the petitioner on October 4, 1999, with one count of aggravated sexual battery for an act committed on the eleven-year-old victim in September 1997. On February 2, 2000, the petitioner pleaded guilty to one count of aggravated sexual battery and was sentenced to an agreed term of eight years' imprisonment to be served at 100 percent by operation of law. *See* T.C.A. § 40-35-501(i)(2)(H). The original judgment, however, was silent regarding community supervision for life and other sexual offender registry requirements which would be imposed upon the petitioner's release from prison. *See id*. § 39-13-524. On March 31, 2006, the convicting court entered an amended judgment correctly noting the lifetime supervision requirement. The Department of Correction released the petitioner to parole on April 10, 2006. Upon his

release, the petitioner contested the imposition of the lifetime supervision requirement initially by refusing to sign the lifetime supervision agreement and later by residing near a daycare facility, failing to report to the probation and parole meetings, failing to register with the sexual offender registry, and failing to pay fees associated with his supervision. Accordingly, the record reflects that the petitioner was indicted for various violations of the sexual offender registry statute that are not at issue in this appeal.

On July 7, 2008, the petitioner filed a pro se petition for writ of habeas corpus challenging his 2000 conviction of aggravated sexual battery. He alleged that the original judgment was illegal and void because the convicting court failed to include the lifetime supervision requirement as a condition on the judgment. The petitioner contended that he did not agree to the lifetime supervision requirement that was imposed by the amended judgment and that this lack of agreement rendered the lifetime supervision condition a material element of the plea, thereby allowing him to withdraw his guilty plea. In response to the habeas corpus petition, the State argued that although the original judgment was illegal and void based upon the failure of the convicting court to impose the community supervision for life condition, the convicting court had authority to correct the judgment at any time, and the subsequent amended judgment was not illegal. Therefore, the petitioner was not currently restrained by any illegal judgment. The State further argued that the petitioner failed to prove that the lifetime community supervision condition was a material element of his plea and that the petitioner was, therefore, not entitled to habeas corpus relief.

The trial court appointed counsel, held an evidentiary hearing concerning the petitioner's claim, and held that the petitioner failed to establish his habeas corpus claim and denied relief.

On appeal, the petitioner insists that the original judgment of conviction failed to include the lifetime supervision provision and was, therefore, void. He further claims that because the supervision provision was a material element of his plea, he should be allowed to withdraw his guilty plea. The State argues that habeas corpus relief is not available from the original, deficient judgment because the petitioner is no longer restrained by that judgment. In other words, the State contends that the petitioner is not presently under any illegal restraint because the convicting court corrected the judgment, as was its province to do. The State also argues that the petitioner failed to prove that the supervision condition was material to his guilty plea.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus]

court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus,* the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned.").

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

In *State v. Bronson*, 172 S.W.3d 600 (Tenn. Crim. App. 2004), this court held that a "failure to include the community supervision for life provision[]" resulted in an illegal sentence. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2004). "An illegal

sentence renders a judgment of conviction void, and a trial court may correct it at any time." *Id.* at 602 (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). Accordingly, in the present case, the original judgment imposed an illegal sentence due to the convicting court's failure to include the community supervision for life requirement. However, the convicting court properly amended the judgment to include the supervision requirement. As such, we conclude that the petitioner's amended judgment of conviction is not void. *See Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, slip op. at 6 (Tenn. Crim. App., Nashville, Aug. 19, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010) (stating that "as corrected, Petitioner's sentence is not illegal"); *see also Nicholas Shane Brewer v. State*, No. M2009-02522-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Nashville, July 22, 2010).

Concerning the petitioner's claim that the exclusion of the lifetime supervision requirement was a material element of the guilty plea, both the petitioner and the State rely upon *McLaney v. Bell,* 59 S.W.3d 90 (Tenn. 2001). *McLaney*, however, is not congruent with the present case. In *McLaney*, the supreme court held that where "the sentence bargained for is otherwise illegal, the [petitioner] is entitled to withdraw the plea." *McLaney*, 59 S.W.3d at 95. In the present case, however, the petitioner contests the correction of the original judgment, and he contends, in substance, that the correction to include the lifetime supervision requirement rendered his guilty plea unknowing and involuntary. To further set this case at odds with *McLaney*, the supreme court, in *Summers*, reiterated that the "[v]oluntariness of [a] plea . . . has no relevance in a habeas corpus proceeding." *Summers*, 212 S.W.3d at 259. Additionally, the supreme court has held that where "the trial court made an error sua sponte and independent of the plea," a petitioner is not entitled to withdraw the plea. *Smith v. Lewis*, 202 S.W.3d 124, 130 (Tenn. 2006). In any event, we need not resolve the question of the propriety of the petitioner's claim to withdraw his plea in this habeas corpus proceeding because the habeas corpus court conducted a hearing concerning the materiality of the lifetime supervision requirement and found that it was not material to the petitioner's plea. We conclude that the record supports this finding.

Because the petitioner failed to present a cognizable claim for habeas corpus relief, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE